IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLIS SIMMS, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY MANUFACTURERS INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 22-2413-KSM |

<u>MEMORANDUM</u>

**Marston J.**                                                                                             **March 16, 2023**

Plaintiff Ellis Simms was involved in a motor vehicle accident while driving his mother's car. (Doc. No. 1 at 5.) He claims that another car hit him and fled the scene. (*Id.*) Simms, who injured his neck and back in the resulting accident, seeks uninsured motor vehicle ("UM") benefits under his mother's insurance policy with Defendant New Jersey Manufacturers Insurance Company ("NJMIC"). (*Id.* at 5–6.) NJMIC argues that Simms failed to notify law enforcement that he was in an accident with a phantom vehicle, which is a prerequisite to receiving UM benefits under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"). (Doc. No. 14-2 at 7–8.) NJMIC moves for summary judgment on this ground. (*Id.* at 4.) Simms opposes the motion, arguing that the police were called to the scene of the accident by someone, even if not by him, and that in the weeks that followed the accident, he repeatedly asked the local police department to create an accident report, but they refused. (Doc. No. 16 at 11–12.)

**I.**

Summary judgment is appropriate when the "pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

## II.

Under the MVFRL, a Pennsylvania insurance policy must include the option of uninsured motorist coverage, i.e., coverage that "provide[s] protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles." 75 Pa. Stat. & Cons. Stat. § 1731(b).  The Act defines an "uninsured motor vehicle" as, among other things, "[a]n unidentified motor vehicle that causes an accident resulting in injury *provided the accident is reported to the police or proper governmental authority* and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident." *Id.* § 1702 (emphasis added).  "Provision of prompt notice to both law enforcement and the insurance company enables those entities to promptly investigate the accident, thus making it less likely a claimant might fabricate a phantom vehicle's involvement to excuse his own neglect." *Vanderhoff v. Harleysville Ins. Co.*, 78 A.3d 1060, 1066–67 (Pa. 2013); *accord State Farm Mut. Auto Ins. Co. v. Foster*, 889 A.2d 78, 81 (Pa. 2005) ("Section 1702's police notification requirement advances the policy of keeping

automobile insurance affordable to the public by minimizing fraudulent claims and the attempted recovery of benefits in cases where accidents were alleged to have been caused by phantom vehicles.") (quotation marks omitted); *Blazquezt v. Pa. Fin. Resp. Assigned Claims Plan*, 757 A.2d 384, 385–86 (Pa. Super. Ct. 2000) ("The purpose underlying the reporting requirement of section 1702 is the prevention of fraudulent claims.").

NJMIC argues that Simms failed to notify law enforcement of the accident and even though someone else called the police to the scene, Simms failed to tell them that the accident involved a phantom vehicle. (Doc. No. 14-2 at 7–8.) According to NJMIC, these failures kept police from investigating the accident. (*Id.* at 8.) Simms disagrees with NJMIC's interpretation of the facts and the law. He argues that he satisfied § 1702's notification requirement because police were called to the scene of the accident, and although the officer's incident report does not mention a phantom vehicle, Simms asked the police to create an accident report multiple times after being discharged from the hospital. (Doc. No. 16 at 12.)

As an initial matter, the Court agrees with Simms that nothing in the text of the MVFRL requires that the claimant be the one who reports the accident to police. Instead, it merely requires that "the accident *be reported* to the police or proper governmental authority." 75 Pa. Stat. & Cons. Stat. § 1702 (emphasis added). Notably, the Pennsylvania legislature used the passive voice, despite requiring—in the very next clause—that "*the claimant* notif[y] his insurer" of the accident. *Id.* (emphasis added). Although the Court imagines that the claimant will, in most cases, be the person who reports the accident to police, we cannot say that the statute requires it.

Turning to the facts of this case, neither party disputes that a police officer was called to the scene of the accident, spoke with Simms, and produced a report documenting the incident.

3

(*See* Doc. No. 14-3 at ¶¶ 8–11; Doc. No. 16 at 3 ¶¶ 8–11.)  Notably, however, there is no evidence that the officer was told the case involved a phantom vehicle.  The incident report does not mention a second vehicle, and neither the officer nor Simms remember their initial discussion.  (*See* Simms Depo. Tr. at 50:5–9; Curtosi Depo. Tr. at 13:12–16; Doc. No. 14-9 at 26.)  NJMIC argues that this lack of evidence is detrimental to Simms's claim.  Neither the Pennsylvania Supreme Court nor the Third Circuit has ruled on whether the police must be told that the accident involved a phantom vehicle.  And the text of § 1702, which merely requires that "the accident" be "reported to police," is ambiguous on this point.  Nevertheless, given the purpose of the notice provision, the Court finds that the police must be told the accident involved an unidentified vehicle for the prerequisite to be satisfied.

In *State Farm Mutual Auto Insurance Co. v. Foster*, the Pennsylvania Supreme Court held that § 1702's police notification requirement is a mandatory prerequisite to receiving UM benefits.  889 A.2d at 82.  In other words, if an accident is not reported to police, the insurance company can deny benefits and need not show that it was prejudiced by the lack of notice before doing so.  *Id.*  In so holding, the court explained that the purpose of the police notification requirement is "protection of the public's interest in affordable automobile insurance." *Id* at 81.  When an accident involving a phantom vehicle is reported to the police, officers can timely investigate the cause of the accident, thus limiting the number of fraudulently reported UM claims, the cost of which "is ultimately passed on to the public in the form of higher premiums." *Id.*; accord *Vanderhoff*, 78 A.3d at 1067 ("Provision of prompt notice to both law enforcement and the insurance company enables those entities to promptly investigate the accident, thus making it less likely a claimant might fabricate a phantom vehicle's involvement to excuse his own neglect.").  In other words, the purpose of the police notification requirement is to have

police, or another appropriate government agency, investigate the cause of an accident involving a phantom vehicle and limit the number of fraudulently reported claims. *State Farm Mut. Auto Ins. Co.*, 880 A.2d at 81; *see also Owens v. Travelers Ins. Co.*, 675 A.2d 751, 753 (Pa. Super. Ct. 1996) (explaining that the police are "charged with the reporting or investigating of motor vehicle accidents" and thus, in "a unique position to prevent fraud"). This purpose is satisfied only if the police are told, within a reasonable time, that the accident *involved a phantom vehicle*. *See Pildis v. Allstate Prop. & Cas. Ins. Co.*, Civ. No. 14-3929, 2014 WL 12617597, at *1 (E.D. Pa. Sept. 30, 2014) (holding that the plaintiff did not have a valid UM claim under the MVFRL because "Plaintiff has not alleged that she reported the phantom vehicle to the police, and the police report attached to the Complaint does not mention one") (internal citations omitted); *cf. Jackson v. Pa. Fin. Respons. Assigned Claims Plan*, 575 A.2d 626, 628 (Pa. Super. Ct. 1990) ("An unidentified vehicle can qualify as an uninsured vehicle only if an accident *involving the unidentified vehicle* has been reported to the police within thirty (30) days, or as soon thereafter as practical.") (emphasis added); *Pak v. Allstate Ins. Co.*, 15 Pa. D. & C.4th 514, 516–17 (Pa. Ct. Comm. Pl. 1992) (reading the provision requiring notice to the insurer as requiring "notice of a 'phantom' vehicle's participation in the accident").

With this standard in mind, the Court turns to the evidence in the record. As mentioned earlier, there is no evidence that Simms mentioned the second vehicle in his initial discussions with the police officer at the scene. (*See* Simms Depo. Tr. at 50:5–9; Curtosi Depo. Tr. at 13:12–16; Doc. No. 14-9 at 26.) And although Simms testified that he asked the police department multiple times to create an accident report, there is no evidence that he mentioned the second vehicle to police during any of those discussions. (*See* Simms Depo. Tr. at 88:1–94:22 (testifying that he asked the police on at least four occasions to create a police report but they

refused because "they didn't have any information" about the accident).[1]) *Contra. W. Am. Ins. Co. v. Manes*, CIVIL ACTION NO. 05-2053, 2006 WL 8459288, at *4–5 (E.D. Pa. Feb. 10, 2006) ("West American also asserts that although Manes reported the accident to the investigating police officer, he failed to satisfy Pennsylvania's reporting requirement because he did not mention the unidentified dump truck [that allegedly dumped cinders on the road] to any government authority . . . . However, Manes testified that when he was taken to the hospital after the accident he told the officer that he had skidded on something on the road. . . . Thus, Manes alerted a government authority (i.e., the officer) that he believed something made his vehicle skid . . . ."); *Vanderhoff v. Harleysville Ins. Co.*, No. 56112003, 2007 WL 8087299, at *2

---

[1] NJMIC argues that the Court cannot consider this "self-serving" deposition testimony because it directly contradicts Simms's prior response to interrogatories:

> 15. State whether you contacted police or any other governmental authority regarding this accident. If so, state:
>
> a. The date on which you contacted the police or any other governmental authority regarding this accident;
>
> b. The means by which you contacted the police or any other governmental authority (whether by calling 9-1-1, filing a Police Report, etc.);
>
> c. The detailed substance of the information you provided to the police or any other governmental authority regarding this accident.
>
> No.

(Doc. No. 14-6 at 6–7.) The Court need not rule on this issue because even if we consider Simms's deposition testimony, that testimony shows only that Simms repeatedly asked the police to create an accident report; it does not show that Simms told police the accident involved an unidentified vehicle. Here, it is immaterial whether the police investigated Simms's claims or created an accident report. *See Hatcher v. Travelers Ins. Co.*, 617 A.2d 808, 811 (Pa. Super. Ct. 1992) ("Consequently, we conclude that the failure of the defendant insurance company to find a police report, or the lack of a claimant to provide a copy of the police report, should not preclude the claimant from proceeding with his claim when sufficient evidence to otherwise prevent summary judgment has been introduced to indicate that the accident has been reported."). Under the statute, Simms must show only that "the accident," i.e., a car accident involving a phantom vehicle, was reported to police.

(Pa. Ct. Comm. Pl. Nov. 17, 2007) (finding the plaintiff satisfied the police notification requirement where the plaintiff credibly testified that "he was unaware the police department failed to mention the phantom vehicle [in the initial police report] until several months after the collision occurred and . . . both he and his counsel notified the Hanover Township Police of their assertion that the vehicle existed" and asked them to amend the report).  Accordingly, Simms has not put forth any evidence that he satisfied the police notification requirement of § 1702.

### III.

Because Simms failed to notify police that he was involved in an accident involving a phantom vehicle, he is precluded from receiving UM benefits under the MVFRL.  Summary judgment is granted in favor of NJMIC.  An appropriate Order follows.